# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| SHARON DOERR, | No. 53229-8-II |
| Respondent, | |
| RANDALL BECK, | |
| Plaintiff, | |
| v. | UNPUBLISHED OPINION |
| DEL RAY PROPERTIES, INC., a Washington corporation, | |
| Appellant, | |
| CITY OF LONGVIEW, | |
| Plaintiff, | |
| v. | |
| DEL RAY PROPERTIES, INC., a Washington corporation, | |
| Defendant. | |

MAXA, J. – Del Ray Properties, Inc. appeals the trial court's order finding Del Ray in contempt and the court's judgment against Del Ray for Sharon Doerr's reasonable attorney fees for violating the court's order on preliminary injunction prohibiting Del Ray from harassing Doerr. The preliminary injunction arose from Doerr's lawsuit against Del Ray, the owner of a

mobile home park, alleging that Del Ray had failed to pay outstanding water bills with the City of Longview. The contempt order was based on an October 22, 2018 communication Del Ray sent Doerr stating that the City was requiring that she move her mobile home.

We hold that (1) the trial court did not err in finding Del Ray in contempt for sending the October 2018 notice, but (2) the trial court did not make sufficient findings regarding the court's award of attorney fees to Doerr. Accordingly, we affirm the trial court's finding of contempt, but we remand for the trial court to enter findings regarding whether the attorney fees Doerr claimed were related to the court's contempt finding and were reasonable.

FACTS

*Background*

Del Ray owns Del Ray I, a mobile home park in Longview. Doerr became a resident of Del Ray I in 2013. The City of Longview provides water service to Del Ray I. The units of Del Ray I are not individually metered and the tenants are not billed directly for City water. Instead, the cost of City water is included in the monthly rent, and Del Ray pays all the tenants' water costs directly to the City.

In July 2017, Doerr filed a complaint against Del Ray for violating the Manufactured/Mobile Home Landlord-Tenant Act (chapter 59.20 RCW) and the Consumer Protection Act (chapter 19.86 RCW). She alleged that Del Ray had failed to pay her water bill. Doerr also requested a preliminary injunction to require Del Ray to pay the outstanding invoices for water service with the City.

In August, the trial court granted Doerr's request for a preliminary injunction. The preliminary injunction ordered Del Ray to pay the outstanding water bill and to pay utility bills as they became due. In addition, the preliminary injunction stated: "[Del Ray] shall not harass,

2

intimidate, threaten, or retaliate against [Doerr] by reason of her bringing this lawsuit." Clerk's Papers (CP) at 112.

In January 2018, Del Ray applied to the City for a permit to build a fence around the perimeter of Del Ray I. In the permit application, Del Ray wrote: "Trailers currently in the right-of-way to be moved prior to constructing new fence." CP at 397.

*Communications Between Del Ray and Doerr*

Between May and October of 2018, Del Ray sent Doerr seven separate communications. On May 10, Del Ray requested that Doerr complete a new application for tenancy because "[t]he first lease application was not properly completed" and Doerr "never signed . . . the form that says you got the Park Rules and Lease and, you agree to follow the rules." CP at 307. On May 19, Del Ray instructed Doerr to stay on her own trailer space, "[m]ind your own business," and "stop spreading rumors." CP at 308. On May 26, Del Ray noted a decrease in Doerr's income and requested an explanation for a report showing that she had recently purchased three properties in Arizona.

On May 30, Del Ray accused Doerr of running a body massage business from her trailer and requested that she remove her trailer from Del Ray I no later than July 1. On June 10, Del Ray sent Doerr a letter accusing her of falsifying her lease applications after purchasing nine properties in six years as well as running a "Healing business" from her trailer. CP at 311. Del Rey again requested that Doerr remove her trailer from Del Ray I no later than July 1. On September 8, Del Ray sent Doerr a letter citing complaints from tenants "about [her] efforts to make trouble for the Park." CP at 313. Del Ray chastised Doerr for referring tenants to the Northwest Justice Project and discussing energy healing with them. Del Ray warned Doerr that this was Doerr's "second notice" and that "[e]viction only takes one more." CP at 313.

On October 22, Del Ray sent Doerr a communication enumerating several rule violations. The letter stated in part:

> 6. The back five feet of your Trailer is parked on the City ROW [right of way]. A City Law violation. *The City is demanding your Trailer is removed from the City ROW.*
>
> 7. *Your trailer is not HUD. It can't be moved or sold.*

CP at 314 (emphasis added).

*Doerr's Motion for Contempt*

On November 9, Doerr filed a motion for contempt. She argued that the October 22 communication from Del Ray constituted harassment in violation of the terms of the preliminary injunction. She also referenced the other communications, but limited her request for a contempt order to the October 22 letter. In support of her motion, Doerr attached email correspondence with the city attorney, James McNamara, stating that the City had no plans to require mobile homes encroaching on the right-of-way to be moved.

In response, Del Ray submitted the declaration of Michael Carron, Del Ray's onsite manager. Regarding the October 22 letter informing Doerr that she had to move her mobile home, Carron stated:

> Del Ray planned to build a fence. In applying for the permits to build a fence, I learned that any trailer too close to or on the City right of way would need to be moved. On the application permit, the City wrote, "Trailers currently in the right of way to be moved prior to constructing the fence." . . . . Doerr's trailer is on the right of way. As a result, Del Ray informed her of the trailer issue. In noting that issue, Del Ray was doing what it thought it needed to do pursuant to the City.

CP at 352. Carron claimed that he did not learn until November 12 that the City was not requiring that Doerr's trailer be moved.

However, Doerr subsequently submitted the declaration of John Brickey, the City's director of community development. He stated:

5. The language in [Carron's declaration quoted above] is a Project Description that was taken directly from the owner's application. That is, this is how the owner described its project, and this is not a directive from the City. Therefore, it is incorrect to preface that language with "the City wrote". This was the applicant's own description of their proposal.

6. To be clear, the City did not mandate or request that homes currently in the right of way would need to be moved prior to constructing the fence. In fact, Del Ray included that language in its application, indicating its intent was to move the trailers so they could construct a fence.

7. We do not require the trailers that are encroaching into the public right-of-way to relocate.

CP at 407.

After hearing argument on February 13, 2019, the trial court found Del Ray in contempt regarding only the communication about moving the trailer. The court stated:

[T]he crisis regarding moving the mobile home was baseless. It was manufactured out of whole cloth, and that amounts to harassment because it does threaten harm to Ms. Doerr's property. To the extent that Del Ray's claims are at odds with the City of Longview's I'm finding the City's explanation is the more credible.

Report of Proceedings (RP) at 112. The court entered a contempt order stating specific findings that supported the finding of contempt. As a sanction, the court ordered that Del Ray pay the full amount of Doerr's attorney fees.

In a subsequent declaration, Doerr's attorney attached detailed time records describing the amount of time spent on each task showing that she had spent 27.6 hours regarding the contempt action. She stated that her hourly rate was $390 per hour. The attorney stated, "The time entries include only time spent on tasks directly related to the motion for contempt, non-duplicative tasks, and work necessary to obtain the favorable result in this case." CP at 441-42.

Del Ray objected to the attorney fees sought by Doerr. Del Ray argued that the total fees were excessive because the trial court only found that one of eight alleged violations of the preliminary injunction had merit. Accordingly, Del Ray suggested dividing the total proposed

fee by eight. Del Ray also objected to the billing entries because they were too general to determine whether the time spent was related to the court's contempt ruling. Finally, Del Ray objected to the $390 per hour billing rate.

In awarding attorney fees, the trial court concluded: "I . . . think that proof of all the communications was certainly within what was appropriate to establish that [October 22 communication] was a product of something other than mistake. It was animus rather than a goof." RP at 131. The court made no further comment about the reasonableness of the claimed attorney time. However, the court found that a rate of $390 per hour was not reasonable and set the rate at $275 per hour.

In its contempt order, the trial court entered the following findings:

4. The stated 'crisis' in the October 22, 2018 letter from Del Ray Properties, Inc. to Plaintiff Sharon Doerr is baseless and amounts to harassment.

5. There were additional communications from Del Ray Properties, Inc. to Plaintiff Sharon Doerr, namely letters dated May 10, 2018, May 19, 2018, May 26, 2018, May 30, 2018 and two letters dated June 10, 2018. A notice dated December 17, 2018 and a letter dated January 2, 2019 addressed to Lisa Waldvogel were both sent directly to Ms. Waldvogel.

6. These additional letters do not rise to the level of harassment. The order must be construed narrowly as to not violate the Defendant's rights under the first amendment.

7. When the Defendant sent the October 22, 2018 letter, it willfully refused to abide by the court order and it had the ability to comply with the order.

8. Del Ray Properties, Inc. engaged in contempt of Court when they sent Ms. Doerr the October 22, 2018 letter.

CP at 461-62.

The court ordered payment of "full fees and costs" payable to Doerr's attorneys and set the reasonable attorney fee at $275 per hour. CP at 463. The court's order made no other specific findings of fact or conclusions of law regarding the attorney fees awarded. In the body

6

of the order, the amount of attorney fees awarded was $10,764.  The judgment awarded $7,590

in attorney fees.  That amount represented the 27.6 hours claimed multiplied by $275 per hour.

Del Ray appeals the trial court's order on contempt and attorney fee award.

ANALYSIS

A.    CONTEMPT FINDING

Del Ray argues that substantial evidence does not support the trial court's finding that

Del Ray's October 22, 2018 communication constituted harassment.  We conclude that

substantial evidence supports the contempt finding.

1.    Legal Principles

We review contempt orders for an abuse of discretion.  *Dep't of Ecology v. Tiger Oil

Corp.*, 166 Wn. App. 720, 768, 271 P.3d 331 (2012).  A trial court abuses its discretion if its

contempt decision was manifestly unreasonable or based on untenable grounds.  *In re Marriage

of Schnurman*, 178 Wn. App. 634, 638, 316 P.3d 514 (2013).  A contempt ruling based on an

erroneous view of the law or an incorrect legal analysis also constitutes an abuse of discretion.

*In re Estates of Smaldino*, 151 Wn. App. 356, 364, 212 P.3d 579 (2009).

We review whether findings of fact are supported by substantial evidence and whether

the findings support the conclusions of law.  *In re Marriage of Wilson*, 165 Wn. App. 333, 340,

267 P.3d 485 (2011).  When the trial court's contempt finding is based on a court order, as here,

" 'the order must be strictly construed in favor of the contemnor' " and " '[t]he facts found must

constitute a plain violation of the order.' "  *In re Rapid Settlements, Ltd.*, 189 Wn. App. 584,

601-02, 359 P.3d 823 (2015) (quoting *Tiger Oil*, 166 Wn. App. at 768) (internal quotation marks

omitted).

Substantial evidence exists when there is sufficient evidence to persuade a fair-minded, rational person of the finding's truth. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). We do not substitute our judgment for the trial court's judgment, weigh the evidence, or evaluate witness credibility. *Id.* Unchallenged findings are verities are on appeal. *In re Custody of A.T.*, 11 Wn. App. 2d 156, 163, 451 P.3d 1132 (2019).

2. Substantial Evidence of Harassment

The trial court's preliminary injunction did not provide a definition of "harassment." Del Ray argues that we should interpret "harassment" consistent with the definition in RCW 9A.46.020, which states that a person is guilty of the crime of harassment if the person knowingly threatens, among other things, "[t]o cause physical damage to the property of a person other than the actor." RCW 9A.46.020(1)(a)(ii). Assuming without deciding that this definition applies, we conclude that substantial evidence supports the trial court's findings that Del Ray engaged in contempt.

First, Del Ray argues that substantial evidence does not support the trial court's finding 4 that the October 22 communication was baseless. Del Ray claims that when it sent the communication, it *believed* that the City required Doerr to move her trailer pursuant to the instructions provided by the City's clerk on the application and permit. Del Ray alleges that it did not actually *know* that the City did not require any trailers to be moved until November 12.

However, Del Ray did not assign error to finding 4, and therefore it is a verity on appeal. *A.T.*, 11 Wn. App. 2d at 163. In any event, the City provided a different account of whether the City required any trailers in the right-of-way to be removed. The City stated that it never demanded that Doerr's mobile home be moved. Brickey, the City's director of community

development, pointed out that the language about moving the trailer came from Del Ray's permit application, not from the City.

Del Ray essentially asks this court to reweigh the evidence on appeal. In its oral ruling, the trial court expressly acknowledged the conflicting evidence between Del Ray and the City, and the court found the City's explanation more credible. As a reviewing court, we defer to the trial court's credibility determinations and its decisions regarding the persuasiveness of evidence. *Black*, 188 Wn.2d at 127.

Second, Del Ray argues that substantial evidence does not support the trial court's oral finding that the October 22 communication threatened to cause harm to Doerr's property. Del Ray claims that the notice merely informed Doerr that her trailer would have to be removed from the right-of-way.

However, the October 22 communication not only stated that Doerr's trailer would have to be moved, but also informed Doerr that her trailer could not be moved or sold. Therefore, it is reasonable to infer that Del Ray was informing Doerr that her trailer would have to be destroyed to remove it from the right-of-way. This constitutes a threat to cause harm to Doerr's trailer.

We hold that substantial evidence supports the trial court's finding that Del Ray's October 22 communication constituted harassment in violation of the preliminary injunction.

B.      ATTORNEY FEE AWARD

Del Ray challenges the amount of attorney fees awarded by the trial court as a sanction for contempt. Del Ray argues that the trial court did not make sufficient findings regarding whether the attorney fees claimed were related to the contempt finding. We agree with Del Ray.

1.    Legal Principles

RCW 7.21.030(3)[1] provides in relevant part that in addition to imposing remedial sanctions authorized elsewhere in the statute, "[t]he court may . . . order a person found in contempt of court to pay a party for . . . any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees."

Trial courts must actively assess the reasonableness of all attorney fee awards and may not simply accept the amounts stated in fee affidavits. *Berryman v. Metcalf*, 177 Wn. App. 644, 657, 312 P.3d 745 (2013). Under the lodestar method, the trial court first must determine the number of hours reasonably expended on the litigation. *Mahler v. Szucs*, 135 Wn. 2d 398, 434, 957 P.2d 632 (1998). The court excludes time that is wasteful or duplicative and time spent on unsuccessful theories or claims. *Id.* The court then must determine the reasonable hourly rate for the work performed. *Id.* The amount of the award is the reasonable hours multiplied by the reasonable hourly rate. *Id.*

We review the reasonableness of the attorney fee award for an abuse of discretion. *White v. Clark County*, 188 Wn. App. 622, 638, 354 P.3d 38 (2015). A trial court abuses its discretion regarding the amount of attorney fees when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.* at 638-39.

Trial courts must exercise their discretion on articulable grounds, making a record sufficient to permit meaningful review. *Mahler*, 135 Wn. 2d at 435. This generally means that the trial court "must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the trial court awarded the amount in question." *SentinelC3,*

---

[1] RCW 7.21.030 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

*Inc. v. Hunt*, 181 Wn. 2d 127, 144, 331 P.3d 40 (2014); *see also Mahler,* 135 Wn.2d at 435. The findings must do more than unquestioningly accept counsel's fee affidavit. *See Berryman*, 177 Wn. App. at 658. They must show that the court "actively and independently confronted the question of what was a reasonable fee," including consideration of objections, resolution of disputed factual issues, and an explanation of the court's analysis. *Id.*

If the trial court does not make findings of fact and conclusions of law supporting the attorney fee award, the preferred remedy is to remand to the trial court for entry of proper findings and conclusions. *Id.* at 659.

2.    Analysis

The trial court made both an oral and a written finding regarding the second part of the lodestar analysis – the reasonable hourly rate of $275 for the work Doerr's attorney performed. Neither party challenges that finding.

The trial court made no written findings regarding the first part of the lodestar analysis, the number of hours reasonably expended on the contempt motion. However, the court did orally address and reject Del Ray's primary argument: that the attorney fee award should not include time spent on the other seven communications that the court found did not constitute contempt. The court orally found that proof of all the communications was necessary to show that the October 22 communication was not a mistake.

Del Ray's only other argument was that the attorney time entries submitted were too general to determine whether the time spent was related to the contempt finding. The trial court did not address or make any findings regarding this argument. Because the court awarded fees based on the full 27.6 hours claimed, it can be inferred that the court accepted the attorney's representation that the time requested included "only time spent on tasks directly related to the

motion for contempt, non-duplicative tasks, and work necessary to obtain the favorable result in this case." CP at 425. But the court made no finding to that effect.

*SentinelC3* and *Mahler* unequivocally state that the trial court must enter findings of fact and conclusions of law sufficient for this court to determine why the court awarded the specific amount of attorney fees. *SentinelC3*, 181 Wn. 2d at 144; *Mahler,* 135 Wn.2d at 435. The trial court here awarded fees based on the full 27.6 hours of time Doerr's attorney submitted, but did not explain why. Therefore, we remand for the trial court to enter findings regarding whether the time requested was related to the contempt finding and was reasonable.

C.    ATTORNEY FEES ON APPEAL

Doerr requests attorney fees on appeal under RCW 7.21.030(3) and RAP 18.1. We award attorney for time spent on the contempt order issue only.

Under RCW 7.21.030(3), a court may "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." This statute allows this court to award attorney fees incurred by a party in defending the appeal of a contempt order. *Rapid Settlements*, 189 Wn. App. at 617.

We affirm the contempt finding. Therefore, we award attorney fees under RCW 7.21.030(3) for time spent on this issue.

Because we remand the attorney fee issue, we do not award attorney fees on appeal on this issue. However, the trial court will be free to award attorney fees to Doerr under RCW 7.21.030(3) for time spent on this issue in the trial court on remand.

CONCLUSION

We affirm the trial court's contempt order, but we remand for the trial court to enter findings regarding the attorney fee award; specifically, whether the time requested was related to the contempt finding and was reasonable.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, C.J.

_____
GLASGOW, J.